UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| VERNON MICHEAL MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-677-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JERRY F. TAYLOR, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Vernon Micheal Morgan, who is currently confined in the Paducah Community Service Center in Paducah, Kentucky, has filed a civil rights complaint under 42 U.S.C. §1983. [Record No. 1] He also has filed a motion to proceed in forma pauperis. [Record No.2] The Court will address that motion by separate Order. This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, a plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994). The Court also notes that this is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the

plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## NAME DEFENDANTS AND RELIEF REQUESTED

The Plaintiff names the following Defendants: (1) Jerry F. Taylor, Jailer of the Whitley County Jail ("WCJ"); (2) WCJ Deputy Jailer Larry Patrick; (3) WCJ Deputy Jailer Paul Brimm; and (4) the WCJ. The Plaintiff seeks $5,100,000.00 in monetary damages from the Defendants.

## CLAIMS

The Plaintiff alleges that the Defendants have engaged in cruel and unusual punishment, in violation of his rights under the Eighth Amendment of the United States Constitution. He states that on October 22, 2004, he was arrested in Knox County, Kentucky, and incarcerated in the WCJ. He states that on December 13, 2004, he was placed in a "max" cell (apparently some form of isolation cell) in the WCJ, for no reason, and complains about having been placed in this location. He alleges that while being taken to the "max" cell, deputy jailers Larry Patrick and Paul Brimm used unreasonable and excessive force. He alleges that five or six other inmates physically beat him while confined in the "max" cell, and that he not only sustained serious bodily injuries, but that he also experienced severe emotional distress as a result of the assault. He further claims that he was denied medical care after the inmates assaulted him.

Plaintiff states that he told his public defender attorney about the alleged beating, and that the Kentucky Department of Corrections ("KDOC") officials have interviewed him. However,

he asserts that nothing else has occurred regarding the alleged incident. The Plaintiff was confined in the Marion County Adjustment Center when he filed this action. He is currently confined in the Paducah Community Service Center in Paducah, Kentucky.

DISCUSSION

The Plaintiff's claims regarding the fact that he was placed in isolation, and that Deputy Jailers Brimm and Patrick allegedly used excessive force on him, are barred by the statute of limitations. Both his claimed placement in the "max" cell and the alleged excessive force occurred on December 13, 2004, but the plaintiff did not file this action until December 19, 2005, over a year later. Kentucky's one-year statute of limitations set forth in KRS §413.140(1)(a) applies to civil rights claims arising in Kentucky. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Accordingly, we conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a)."); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). The statute of limitations "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996). In this case, the Plaintiff's claim relating to confinement in isolation and the alleged use of excessive force by deputy jailers are time-barred and must be dismissed.

As for the Eighth Amendment claim relating to the beatings by other inmates, the Plaintiff fails to state when the alleged assault/beating occurred. The only fact that can be gleaned from the complaint is that the alleged action occurred sometime after December 13, 2004. Furthermore, even if this claim was timely asserted, the Plaintiff has failed to demonstrate

that he exhausted any of the requisite administrative remedies regarding either this claim, or the claim that he was subsequently denied medical care.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S. Ct. 983 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999). Under federal law, it is insufficient for a prisoner to merely claim that grievances were not answered satisfactorily or to begin the grievance process and not finish it.

The Kentucky Department of Corrections ("KDOC") has promulgated a set of administrative regulations at 501 KAR 6:010 which govern prison grievance procedures. They are referred to as "Corrections Policies and Procedures" ("CPP"). The CPP which addresses inmate grievances is found in Policy Number 14.6. According to the provisions of the *Inmate Grievance Process*, §I (1) of CPP Policy Number 14.6, a prisoner in a state correctional institution must informally attempt to grieve a claim with the Grievance Aide, the Grievance Coordinator, the department head, or institutional staff.

If the attempt at informal resolution fails, he must seek a hearing before the Grievance Committee *Id.*, §(2). The Committee's decision must be forwarded to the warden, who is responsible for making a final written decision *Id.*, §2(c)-(d). A prisoner who is not satisfied with the warden's final decision may appeal that decision to the Commissioner of Corrections by using a specific form described in §3(a) of the *Inmate Grievance Process*.

In response to the question regarding exhaustion of administrative remedies contained in the complaint form, the Plaintiff states only that he "asked several times, but they had already took me from my cell to [isolation] to max and that's where incident happened." [Complaint, § II (A)(4)] This statement is too vague and ambiguous on the subject of whether the Plaintiff exhausted the KDOC's administrative remedies regarding either the assault by the inmates or the denied medical care claims.

The Plaintiff states that he had verbal conversations with KDOC representatives. [Complaint, handwritten supplement] However, the Court cannot conclude based on this assertion that such alleged conversations satisfy the exhaustion requirements set forth in the KDOC's regulation. Moreover, the Plaintiff states that he had an attorney from the Public Defender's Office representing him regarding the alleged assault by WCJ employees. To the extent that the Plaintiff may have had the assistance of counsel, he should have been able to comply with the administrative procedures. Accordingly, this claim will be dismissed without prejudice. The Plaintiff's will be able to file a new action if he can fully document that he pursued all of the KDOC's exhaustion requirements regarding both Eighth Amendment claims.

## CONCLUSION

It is **ORDERED** that the Plaintiff's Eighth Amendment claims relating to both confinement in isolation, and the alleged use of excessive force by deputy jailers, are **DISMISSED**, with prejudice, *sua sponte*. Judgment shall be entered contemporaneously with this memorandum opinion in favor of the Defendants on those issues.

The Plaintiff's Eighth Amendment claims relating to the assault by other inmates, and the claim that he was denied medical treatment, are **DISMISSED**, without prejudice.

This 2nd day of March, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge